IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Criminal No. WMN-96-0458 |
| ANTHONY JONES | * | Criminal No. WMN-97-0355 |
| | * | |
| | * | |

* * * * * * * * * * * * * * *

## MEMORANDUM AND ORDER

Defendant Anthony Ayeni Jones was charged and convicted of conspiracy to murder and kidnap in aid of racketeering, three counts of murder in aid of racketeering, conspiracy to murder in aid of racketeering, conspiracy to retaliate against witnesses, and conspiracy to distribute narcotics.[1] Although the Government sought the death penalty as to all three murder counts, the jury did not unanimously vote the death penalty on any of those counts. On August 25, 1998, this Court sentenced Mr. Jones to life imprisonment.

Given the violence associated with Mr. Jones's organization, including the murder of government witnesses, restrictive conditions were placed on his confinement. He was

---

[1] The facts related to the charges against Defendant are set out in some detail in the Fourth Circuit's decision affirming his conviction, United States v. Jones, No. 98-4624, 2000 WL 690182, 215 F.3d 1322 (Table) (4th Cir. May 26, 2000), as well as in its decision on the appeal of some of his co-defendants, United States v. Jett, 18 F. Appx. 224, 2001 WL 1089525 (4th Cir. Sept. 18, 2001). The Court assumes the reader's familiarity with the factual background.

permitted no contact with other inmates, no telephone privileges except the ability to speak with his attorneys, and no visits except from his attorneys and his mother. His mail was also restricted. Mr. Jones has conceded that these restrictions were reasonable when they were imposed. See ECF No. 1181 (Crim. No. WMN-96-0458); ECF No. 340 (Crim. No. WMN-97-0355). Five years ago, Mr. Jones filed a motion to modify those conditions of confinement, id., which the Court denied. ECF No. 1184 (Crim. No. WMN-96-0458); ECF No. 343 (Crim. No. WMN-97-0355).

Mr. Jones has now filed a second motion for modification of the conditions of his confinement. ECF No. 1198 (Crim. No. WMN-96-0458); ECF No. 381 (Crim. No. WMN-97-0355). At the Court's request, ECF No. 1199 (Crim. No. WMN-96-0458); ECF No. 382 (Crim. No. WMN-97-0355), the Government has responded to that motion. ECF No. 1202 (Crim. No. WMN-96-0458); ECF No 388. (Crim. No. WMN-97-0355).

In his current motion, Mr. Jones argues that the conditions placed upon his confinement are arbitrary, irrational, cruel and unusual, and have been imposed in a discriminatory manner in violation of the Equal Protection Clause of the United States Constitution. The Court disagrees and finds that those restrictions were appropriate, given the heinous nature of the crimes committed by Mr. Jones and the threat he posed to public safety.

Nevertheless, the Court finds that, with the passage of time, some modification of the current conditions would be appropriate.  Specifically, the Court believes that Mr. Jones should be permitted contact with other prisoners.  The Court also concludes that, in addition to supervised visits with his attorneys and his mother, Mr. Jones should be permitted supervised visits with other members of his family.  Finally, the Court concludes that Mr. Jones should be permitted telephone communications with his mother and daughter.  While under the current restrictions, Mr. Jones has been permitted supervised visits with his mother, given that Mr. Jones is housed in Colorado and it is believed that Mr. Jones's mother and daughter still reside in Baltimore, the current visitation rights are of limited value.  Any of those calls can certainly be monitored by the Bureau of Prisons as it deems appropriate.

Accordingly, IT IS this 13th day of March, 2014, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendant's Motion to Modify Conditions of Confinement, ECF No. 1198 (Crim. No. WMN-96-0458); ECF No. 381 (Crim. No. WMN-97-0355), is GRANTED IN PART AND DENIED IN PART, in that the Court's December 3, 1998, Order is hereby modified as follows:

a) That the prohibition of contact with other prisoners is hereby stricken;

b) That, in addition to visits with his mother and his attorneys, Mr. Jones shall be permitted visits with other members of his family;

c) That, in addition to telephone communications with his attorneys, Mr. Jones shall be permitted telephone communications with his mother, Ms. Ruth Jones, and his daughter;

2) That these modifications be implemented under whatever conditions the Bureau of Prisons deems appropriate; and

3) That the Clerk of the Court shall mail or transmit a copy of this Order to Mr. Jones and to counsel of record.

_____
William M. Nickerson
Senior United States District Judge